## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ADAM M. DOWNS, as the** | ) | |
| **Fund Administrator** | ) | |
| **of the Laborers' National (Industrial)** | ) | |
| **Pension Fund,** | ) | |
| **905 - 16th Street, N.W.** | ) | |
| **Washington, D.C. 20006,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** |
| | ) | |
| **vs.** | ) | |
| | ) | **COMPLAINT** |
| **RELIEF ENTERPRISES, INC.** | ) | |
| **6448 Highway 290 East** | ) | |
| **Austin, Texas 78761,** | ) | |
| | ) | |
| **CLARENCE WILLIAMS** | ) | |
| **c/o Relief Enterprises, Inc.** | ) | |
| **6448 Highway 290 East** | ) | |
| **Austin, Texas 78761,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CALVIN WILLIAMS** | ) | |
| **c/o Relief Enterprises, Inc.** | ) | |
| **6448 Highway 290 East** | ) | |
| **Austin, Texas 78761,** | ) | |
| **and** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Plaintiffs, by and through their undersigned attorney, and for their causes of

action against Defendants, complain and allege as follows:

### NATURE OF THE ACTION AND JURISDICTION

1.      This is a civil action brought pursuant to Sections 502(a)(2), 502 (a)(3),

502(k), and 515 of the Employee Retirement Income Security Act, as amended

(ERISA), 29 U.S.C. §§1132(a)(2), (a)(3), (k) and 1145, by the administrator of the

LIUNA National (Industrial) Pension Fund ("Pension Fund") to secure performance by a

an employer and its owners of specific statutory and contractual obligations to pay

contributions to the Pension Fund on behalf of the employer's employees, to pay

interest on delinquent contributions, to pay collection costs, and to submit contribution

reports.

2.      Venue properly lies in the district for the District of Columbia pursuant to

Sections 502(e) and (k) of ERISA, 29 U.S.C. §§1132(e), (k).  Plaintiff Adam Downs

("Downs") brings this action as the Administrator, and on behalf of, the Pension Fund.

The Pension Fund's main administrative office is located in the District of Columbia.

Further, this Court is expressly designated by ERISA Section 502(k) as a proper venue.

3.      Under ERISA Section 502(e), 29 U.S.C. §1132(e), Defendants may be

served in any federal district in which it/she resides or may be found so as to subject

Defendants to the personal jurisdiction of this Court.

**IDENTIFICATION OF THE PARTIES**

4.      Plaintiff Downs is the Fund Administrator of the Pension Fund.  As such,

he is a fiduciary with respect to the Pension Fund within the meaning of Sections 3(21)

and 502 of ERISA (29 U.S.C. §§1002(21),1132).  He brings this action in his fiduciary

capacity on behalf of and for the benefit of the Pension Fund with the authorization of

the Pension Fund's Board of Trustees.

5.      The Pension Fund is a joint labor-management trust fund established and

maintained pursuant to an Agreement and Declaration of Trust and various collective

bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29

U.S.C. §186(c)(5)).  The Pension Fund is an employee pension benefit plan and an

employee benefit plan within the meaning of ERISA Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002 (2), (3), 1132(d)(1)), and is a multiemployer plan within the meaning of ERISA Sections 3(37) and 515 (29 U.S.C. §§1002(37),1145).  The Pension Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502 (d)(1) (29 U.S.C. §1132(d)(1)).  The purpose of the Pension Fund is to provide a pooled defined benefit pension plan that pays a retirement income for the life of a pensioner and his or her surviving spouse.  Employees whose employers contribute pursuant to the collective bargaining agreements with the Laborers' International Union of North America (LIUNA) or with Local Unions and District Councils affiliated with LIUNA earn credits towards a pension for their covered employment.  The assets of the Pension Fund are held in trust in a common pool from which all benefits are paid and which is invested to fund the promised benefits.

6.      Defendant Relief Enterprises, Inc. ("Relief") is a business corporation engaged in the business of providing facility janitorial, housekeeping, and related services to Federal Government agencies, including three facilities at the U.S. Army's Fort Sam Houston in San Antonio, Texas.  Relief's primary office is located at 6448 Highway 290 East, Suite E111, Austin, Texas 78761.  Relief is an employer within the meaning of ERISA Sections 3(5) and 515 (29 U.S.C. §§1002(5), 1145).

7.      Defendant Clarence Williams is the owner and the Board Chair of Relief. As such, he has and exercises discretionary authority and control over payment or nonpayment of Relief's financial obligations including contributions and other monies owed to the Pension Fund.  He executed collective bargaining agreements with LIUNA affiliates representing Relief's employees at Fort Sam Houston that require contributions

to the Pension Fund, as further alleged herein.  Defendant Clarence Williams is a fiduciary with respect to the Pension Fund within the meaning of ERISA Section 3(21) (29 U.S.C. §1002(21)) inasmuch he has and exercises discretionary authority over plan assets of the Pension Fund, including the contributions owed to the plan.  He is also an employer within the meaning of ERISA Sections 3(5) and 515 (29 U.S.C. §1002(5), 1145).

8.      Defendant Calvin Williams is the Chief Executive Officer, the Chief Operating Officer and the day-to-day manager of Relief.  As such, he has and exercises discretionary authority and control over payment or nonpayment of Relief's financial obligations including contributions and other monies owed to the Pension Fund.  He executed collective bargaining agreements with LIUNA affiliates representing Relief's employees at Fort Sam Houston that require contributions to the Pension Fund, as further alleged herein. Defendant Clarence Williams is a fiduciary with respect to the Pension Fund within the meaning of ERISA Section 3(21) (29 U.S.C. §1002(21)) inasmuch he has and exercises discretionary authority over plan assets of the Pension Fund, including the contributions owed to the plan.  He is also an employer within the meaning of ERISA Sections 3(5) and 515 (29 U.S.C. §1002(5), 1145).

## FIRST CAUSE OF ACTION
### (ERISA § 515: Delinquent Pension Fund Payments & Reports)

9.      Relief is party to and contractually bound by collective bargaining agreements with the Southwest Laborers' District Council and Laborers' Local Union No. 1095 ("Union") that sets terms and conditions of employment for Relief employees who work at Fort Sam Houston, Texas.

10.      Relief is party to three separate collective bargaining agreements for three

units at Fort Sam Houston including the Child Development Center ("CDC"), Base Wide

Custodial ("BWC"), and Building 2376 ("MEPS").

11.    The collective bargaining agreements require Relief to make contributions

to the Pension Fund at a certain hourly rate for each hour for which an employee

covered by the collective bargaining agreements receives pay.  These contributions are

necessary to fund pension benefits being earned by covered employees by their work

for Relief at the site.  Specifically, Article XXI-PENSION of the collective bargaining

agreements provides as follows:

> "The Employer shall contribute for each hour for which an
> employee covered by this Agreement is entitled to pay an amount
> as set forth in Addendum A to the Laborers' International Union of
> North America National (Industrial) Pension Fund in accordance
> with Addendum B to this Agreement.  The Employer and the Union
> hereby adopt the Agreement and Declaration of Trust establishing
> said Fund, a copy of which has been provided to each, and agrees
> to comply therewith." (Emphasis added).

12.     The Addendum A to the collective bargaining agreements provides the

rate at which Relief is required to contribute to the Pension Fund.

13.    The Addendum A for the CDC was signed on May 5, 2011 and provided

for a rate increase from 70 cents to 77 cents effective July 1, 2011.

14.    The Addendum A for the Base Wide agreement was signed on May 5,

2011 and provided for the rate to be increased from 70 cents to 77 cents effective

February 1, 2011.  A subsequent Addendum A signed November 26, 2012 provided for

the rate to be increased from 77 cents to 85 cents effective January 1, 2013.

15.    The Addendum A for MEPS was signed on January 6, 2011 and provided

for the rate to be increased from 70 cents to 77 cents effective February 1, 2011. A

subsequent Addendum A signed on January 13, 2012, provided for the rate to be

increased from 77 cents to 85 cents effective February 1, 2013.

16.     On November 1, 2010 Relief and the Union entered into Preferred

Schedule agreements ("Rehabilitation Plan: Addenda B") for each of the three units at

Fort Sam Houston by which Relief became obligated to comply with the Preferred

Schedule of the Pension Fund's Funding Rehabilitation Plan (FRP).  The Preferred

Schedule requires contribution rate increases of 10% each year for nine years. The

required increases are supposed to be effective on the anniversaries of the Schedule's

effective date.

17.     In an attempt to resolve Relief's repeated contribution delinquency

problems caused by the varying effective dates of the Addenda A rate increases and

the November 1st effective date of Rehabilitation Plan: Addendum B, the Union, the

Pension Fund and Relief agreed to set a uniform effective date for the Preferred

Schedule rate increases.  All parties agreed that July 1st of each year would be the

common schedule for the required increases for all three units.

18.     In accordance with this agreement, Relief's contribution rate went up to

$1.04 effective July 1, 2014 and then automatically increased to $1.15 on July 1, 2015.

19.     Addendum B to the collective bargaining agreements provides, with

regard to the Pension Fund as follows:

(a)     Section 1(a) requires Relief to contribute to the Pension Fund "for each

        hour for which an employee covered by this Agreement is entitled to pay,

        including hours of paid vacations, paid holidays, and other periods for

        which pay is paid or owed to an employee."  The obligation to contribute

        for an employee commences on the first day of the employee's

employment in a job classification covered by the Collective Bargaining Agreement.

(b)     Section 1(b) requires Relief to pay contributions on a calendar monthly basis.  Specifically, Relief is required to pay to the Pension Fund contributions for employee hours in a particular month by the twentieth (20th) day of the following month.  This Section further requires Relief to submit to the Pension Fund monthly contribution reports with the contributions so that the Pension Fund can properly credit to the employees and verify the accuracy of the payment.

(c)     Section 1(c) entitles the Pension Fund to have a certified public accountancy firm audit Relief's payroll and other records to verify the accuracy of contributions to the Fund, verifying employee eligibility, and for other purposes necessary for administration of the Fund.  Relief is also required to provide the Pension Fund with any and all truthful information necessary for administration of the Fund.

(d)     Section 1(e) provides that if Relief fails to submit contributions or contributions reports to the Pension Fund when due, Relief shall be considered an employer in default and shall be subject to charges for interest, liquidated damages, attorneys fees, costs, audit fees and other costs of collection in accordance with the Pension Fund's Agreement and Declaration of Trust (hereinafter referred to as "the Pension Fund's Trust Agreement").  This Section further provides that the Pension Fund may take any and all lawful collection actions, including the commencement of

legal proceedings, without regard to any grievance or arbitration

procedure of the Collective Bargaining Agreement.

(e)     Section 1(f) provides that Relief accepts and agrees to be bound by the

Pension Fund's Trust Agreement.

20.     The Pension Fund's Trust Agreement (Article VI, Section 6.04) provides,

in pertinent part, as follows:

"C.     Delinquent employers shall be assessed the following
charges:

"1.     Each employer carrying a contribution
delinquency for thirty (30) calendar days or
more will automatically be assessed interest on
the delinquent amount at the rate of 1½% per
month for each month or part thereof from the
date on which the Employer became
delinquent until the date on which the
delinquency is collected.  All interest
assessments will be immediately due and
payable.  The Fund Administrator will notify the
Employer of the interest charge.

"2.     Each Employer whose delinquent status is referred to
the Fund Counsel for legal action shall, in addition to
interest, be charged liquidated damages in an amount equal
to twenty percent (20%) of the unpaid delinquent
contributions as the reasonably anticipated costs of
administration and collection.  All liquidated damages shall
be immediately due and payable.  The Fund Administrator
will notify the Employer in writing of the assessment of
liquidated damages.

"3.     Each delinquent Employer that is
audited pursuant to Part III-B-3 hereof shall be
charged for the actual cost of the audit.  The
Fund Administrator will notify the Employer of
the assessment of audit fees charged which
shall be due and payable immediately.

"4.     In addition to interest and auditing
charges, each Employer against which legal

> action is taken to collect delinquent
> contributions or other monies due the Fund
> shall be charged and liable to the Fund for
> attorneys' fees and for costs incurred by the
> Fund in taking such legal action, as well as for
> the liquidated damages assessed under Part
> III-C-2 hereof, and such other relief as may be
> available to the Fund under the Employee
> Retirement Income Security Act and other
> applicable law."

21.     As of February 1, 2016, Relief has failed to pay the full amount of

contributions owed to the Pension Fund for November 2014 through October 2015.  The

amount of delinquent contributions owed for November 2014 through October 2015 is

**$20,215.35**.

22.     The delinquency is the result of Relief underpaying monthly contributions

owed to the Pension Fund.  Relief failed to pay contributions at the correct contribution

rate in accordance with the Preferred Schedule of the FRP.

23.     In accordance with the Preferred Schedule, effective July 1, 2014 Relief

owed contributions at a rate of $1.04 per hour paid.  On July 1, 2015, Relief's required

contribution rate increased to $1.15 per hour paid.  Relief has consistently failed to

increase the contribution rate as required by the Preferred Schedule, resulting in the

current delinquency.

24.     Relief also failed to pay contributions for the months of November 2015

and December 2015.  The estimated amount owed for those months is **$37,254.51**.

The Pension Fund has estimated the amount of contributions owed for November 2015

and December 2015 because Relief failed to submit contribution reports or remit

payment for those months.  The estimated contributions are based on the average

number of hours reported on the last five contribution reports.  Estimating the

contributions owed to the Pension Fund is necessary because Relief has failed to comply with its contractual and legal obligation to submit monthly contribution reports for November 2015 and December 2015.  The Pension Fund cannot accurately calculate the contributions owed without the contribution reports.

25.     Relief is required by the Pension Fund's Trust Agreement, as accepted by Relief in the collective bargaining agreements, to pay interest on past due contributions at the rate of 1.5% per month from the date due to the date paid.  As of February 1, 2016, Relief owes the Pension Fund **$18,453.79** in estimated accrued interest charges on contributions past due.  The accrued interest amount is estimated due to Relief's failure to submit contribution reports for November 2015 and December 2015.  Interest is continuing to accrue on unpaid amounts at the rate of 1.5% per month.

26.     By failing to pay these contributions and interest charges to the Pension Fund when due, and by failing to submit monthly contribution reports Relief has violated the collective bargaining agreements, the terms of the Pension Fund including its Trust Agreement, and ERISA Section 515.

27.     The Pension Fund has made repeated demands for payment on Defendants and offered Defendants a period of time to repay the delinquent contributions.  Defendants did not accept the Pension Fund's offer.

28.     Relief received from the Defense Department or the Army contract payments intended to compensate Relief for its contributions to the Pension Fund for the employees covered by the collective bargaining agreements in accordance with the labor standards regulatory scheme of the Service Contract Act ("SCA").  When it fails to make contributions to the Pension Fund for employees covered by the collective

bargaining agreements, Relief is unjustly enriched at the expense of its employees and the Federal Government as well as the Pension Fund.  Failure by Relief to timely pay contributions to the Pension Fund for its employees constitutes a violation of the Service Contract Act, Relief's government contract, and federal procurement regulations, and renders Relief and its responsible officers liable for the unpaid amounts, termination of its existing government contract, and debarment from eligibility for future government contracts.

29.     The Pension Fund made repeated attempts to persuade Relief to satisfy its debt without need for litigation.  These efforts have been unsuccessful.

30.     Pursuant to the collective bargaining agreements, the Pension Fund's Trust Agreement, and ERISA Sections 502(a)(3), 502(g)(2) and 515, 29 U.S.C. §§1132(a)(3), (g)(2), 1145, the Pension Fund is entitled to recover from Relief the delinquent contributions and contribution reports, interest on the delinquent contributions at the rate of one and one-half percent (1 ½%) per month, liquidated damages (equal to the greater of the interest payable or 20% of the contributions), attorneys' fees, auditing fees and all other costs of collection.

## SECOND CAUSE OF ACTION
### (Payroll Audit Delinquency)

31.     Plaintiffs incorporate and reallege herein each and every allegation of paragraphs 1 through 30 to the same effect as if restated here in full, and further allege as follows.

32.     The collective bargaining agreements entitle the Pension Fund to have a certified public accountancy firm audit Relief's payroll and other records to verify the accuracy of contributions to the Pension Fund, verify employee eligibility, and for other

purposes necessary for administration of the Pension Fund. Relief is also required to provide the Pension Fund with any and all truthful information necessary for administration of the Pension Fund.

33. The Pension Fund engaged a certified public accountancy firm to audit Relief's payroll records for all three Fort Sam Houston units for the period January 1, 2011 through May 2014. The audit found that Relief failed to report to the Pension Fund some employee hours for which contributions are owed. This omission resulted in contribution underpayments to the Pension Fund.

34. The contributions owed to the Pension Fund for the CDC at Fort Sam Houston are as follows:

|  |  |
|---|---|
| Contributions: | $1,224.70 |
| Surcharge: | $5.31 |
| Interest: | $979.19 |
| Total = | **$2,209.20** |

35. The contributions owed to the Pension Fund for MEPS at Fort Sam Houston are as follows:

|  |  |
|---|---|
| Contributions: | $234.45 |
| Interest: | $179.63 |
| Total = | **$414.08** |

36. The contributions owed to the Pension Fund for Base Wide Custodial services at Fort Sam Houston are as follows:

|  |  |
|---|---|
| Contributions: | $6,442.33 |
| Surcharge: | $31.32 |

Interest:          $5,109.12

Total =          **$11,582.77**

37.      By failing to correctly report employees' hours on the contribution reports submitted to the Pension Fund and pay the contributions owed to the Pension Fund when due, Relief has violated the collective bargaining agreements, the terms of the Pension Fund including its Trust Agreements, and ERISA Section 515.

38.      In addition to the collectively bargained contributions, the Pension Protection Act of 2006 requires the Pension Fund to collect from each contributing employer a monthly contributions "surcharge" from June 2010 until the employer adopts a "schedule" under the Fund's FRP.  The surcharge is an extra-contractual assessment imposed by operation of federal law, specifically ERISA Section 305(e)(7), 29 U.S.C. §1085(e)(7).  The amount of the monthly surcharge is 5% of the employer's contributions for each month through December 31, 2010 and 10% of the contributions for months thereafter.  Relief did not adopt a schedule under the FRP until November 2010 and therefore incurred surcharges.  Relief owes the Pension Fund surcharges for the CDC and Base Wide at Fort Sam Houston.

39.      Relief is required to pay to the Pension Fund certain interest charges on unpaid contributions under the terms of the Pension Fund's Trust Agreement.  The interest accrued on the unpaid contributions set forth totals **$6,267.94**.  By failing to pay these interest charges to the Pension Fund, Relief has violated the collective bargaining agreements, the terms of the Pension Fund including its Trust Agreement, and ERISA Section 515.

40.      Relief will continue to accrue interest charges while the contributions

remain unpaid.  Based on Relief's conduct, it is reasonable to assume that Relief will continue to refuse to pay the contributions and accrued interest charges until ordered to do so by the Court.

41.     Relief received from the Defense Department or Army payments intended to compensate Relief for its contributions to the Pension Fund for the employees covered by the collective bargaining agreements in accordance with the labor standards regulatory scheme of the Service Contract Act, 41 U.S.C. § 351, *et seq.*  When it fails to make contributions to the Pension Fund for employees covered by the collective bargaining agreements, Relief is unjustly enriched at the expense of its employees and the Federal Government as well as the Pension Fund.  Indeed, the failure of Relief to pay the contributions owed to the Pension Fund constitutes a fraud on the Federal Government.

42.     The Pension Fund made repeated attempts to persuade Relief to satisfy its debt without need for litigation.  These efforts have been unsuccessful.

43.     Pursuant to the collective bargaining agreements, the Pension Fund's Trust Agreement, and ERISA Sections 502(a)(3), 502(g)(2) and 515, 29 U.S.C. §§1132(a)(3), (g)(2), 1145, the Pension Fund is entitled to recover from Relief the delinquent contributions, interest on the delinquent contributions at the rate of one and one-half percent (1 ½%) per month, liquidated damages (equal to the greater of the interest payable or 20% of the contributions), attorneys' fees, auditing fees and all other costs of collection.

## THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty and Prohibited Transactions
by Defendant Clarence Williams)

44.     Plaintiffs incorporate and reallege herein each and every allegation of paragraphs 1 through 43 to the same effect as if restated here in full, and further allege as follows.

45.     Relief's performance of its government contracts at Fort Sam Houston is subject to the Service Contract Act.  That Act requires Relief to compensate its employees working at Fort Sam Houston no less than in accordance with a prevailing wage determination issued by the U.S. Department of Labor's Wage and Hour Division in accordance with the Act.  The applicable wage determination has required Relief to make certain contributions for the employees to the Pension Fund.

46.     Relief, under its contract, received payments from the Defense Department or Army with which to compensate its employees who worked at Fort Sam Houston in accordance with the wage determination and the Service Contract Act.

47.     Relief was required by its collective bargaining agreements to use the payments it received from the Defense Department or Army to make contributions for the employees to the Pension Fund.  Contributions to the Pension Fund are substitute wages to the employees.  The employees, through LIUNA, collectively bargained to have Relief pay a certain amount of contributions to the Pension Fund in lieu of cash wages.

48.     The unpaid contributions and accrued interest charges owed to the Pension Fund are assets of the Pension Fund for purposes of ERISA.

49.     The payments received by Relief from the Defense Department or Army

with which to pay the contributions owed to the Pension Fund are assets of the Pension Fund for purposes of ERISA.

50.     At all material times, Defendant Clarence Williams, as Board Chair and owner, has had discretionary authority and control over Relief's payment or non-payment of the contributions and interest charges owed to the Pension Fund.  As such, he is a fiduciary with respect to the Pension Fund within the meaning of Section 3 (21) of ERISA (29 U.S.C. § §1002(21)), and a party in interest with respect to the Pension Fund within the meaning of Sections 3 (14)(A), (C) and (E) of ERISA (29 U.S.C. § §1002 (14)(A), (C) and (E)).

51.     At all material times, Defendant Clarence Williams has had knowledge of Relief's obligations to the Pension Fund under its collective bargaining agreements, its government contracts, and the Service Contract Act.

52.     Defendant Clarence Williams has exercised his discretionary authority and control to withhold from the Pension Fund the contributions and interest charges owed to it.  By doing so, he has deprived the funds of their assets or the benefit of their assets and has deprived Relief's employees of compensation and benefits to which they are entitled for their work.

53.     Defendant Clarence Williams has converted assets of the Pension Fund to the use and benefit of his company, Relief, and thereby unjustly enriched and benefitted the company and himself as the owner.

54.     Defendant Clarence Williams' acts and omissions constitute violations of his fiduciary duties under ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1), and prohibited transactions in violation of ERISA Sections 406(a) and 406(b), 29 U.S.C. §

§1106(a),(b).

55.     Defendant Clarence Williams is personally liable to the Pension Fund

under ERISA Sections 409, 502(a)(2) and 502(a)(3), 29 U.S.C. § § 1109, 1132(a)(2),

(a)(3), for its losses including all unpaid contributions, accrued interest charges, and

unfunded benefits earned by Relief's employees.  Sections 3 (14)(A), (C) and (E) of

ERISA (29 U.S.C. § §1002 (14)(A), (C) and (E)).

**FOURTH CAUSE OF ACTION**
**(Breach of Fiduciary Duty and Prohibited Transactions**
**by Defendant Calvin Williams)**

56.     Plaintiffs incorporate and reallege herein each and every allegation of

paragraphs 1 through 55 to the same effect as if restated here in full, and further allege

as follows.

57.     Relief's performance of its government contracts at Fort Sam Houston is

subject to the Service Contract Act.  That Act requires Relief to compensate its

employees working at Fort Sam Houston no less than in accordance with a prevailing

wage determination issued by the U.S. Department of Labor's Wage and Hour Division

in accordance with the Act.  The applicable wage determination has required Relief to

make certain contributions for the employees to the Pension Fund.

58.     Relief, under its contract, received payments from the Defense

Department or Army with which to compensate its employees who worked at Fort Sam

Houston in accordance with the wage determination and the Service Contract Act.

59.     Relief was required by its collective bargaining agreements to use the

payments it received from the Defense Department or Army to make contributions for

the employees to the Pension Fund.  Contributions to the Pension Fund are substitute

wages to the employees.  The employees, through LIUNA, collectively bargained to have Relief pay a certain amount of contributions to the Pension Fund in lieu of cash wages.

60.     The unpaid contributions and accrued interest charges owed to the Pension Fund are assets of the Pension Fund for purposes of ERISA.

61.     The payments received by Relief from the Defense Department or Army with which to pay the contributions owed to the Pension Fund are assets of the Pension Fund for purposes of ERISA.

62.     At all material times, Defendant Calvin Williams, as Chief Executive Officer and Chief Operating Officer, has had discretionary authority and control over Relief's payment or non-payment of the contributions and interest charges owed to the Pension Fund.  As such, he is a fiduciary with respect to the Pension Fund within the meaning of Section 3 (21) of ERISA (29 U.S.C. § §1002(21)), and a party in interest with respect to the Pension Fund within the meaning of Sections 3 (14)(A), (C) and (E) of ERISA (29 U.S.C. § §1002 (14)(A), (C) and (E)).

63.     At all material times, Defendant Calvin Williams has had knowledge of Relief's obligations to the Pension Fund under its collective bargaining agreements, its government contracts, and the Service Contract Act.

64.     Defendant Calvin Williams has exercised his discretionary authority and control to withhold from the Pension Fund the contributions and interest charges owed to it.  By doing so, he has deprived the funds of their assets or the benefit of their assets and has deprived Relief's employees of compensation and benefits to which they are entitled for their work.

65.    Defendant Calvin Williams has converted assets of the Pension Fund to the use and benefit of his company, Relief, and thereby unjustly enriched and benefitted the company and himself as the owner.

66.    Defendant Calvin Williams' acts and omissions constitute violations of his fiduciary duties under ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1), and prohibited transactions in violation of ERISA Sections 406(a) and 406(b), 29 U.S.C. § §1106(a),(b).

67.    Defendant Calvin Williams is personally liable to the Pension Fund under ERISA Sections 409, 502(a)(2) and 502(a)(3), 29 U.S.C. § § 1109, 1132(a)(2), (a)(3), for its losses including all unpaid contributions, accrued interest charges, and unfunded benefits earned by Relief's employees.  Sections 3 (14)(A), (C) and (E) of ERISA (29 U.S.C. § §1002 (14)(A), (C) and (E)).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand that judgment be entered for each of them and against Defendants Relief Enterprises, Inc., Clarence Williams and Calvin Williams, jointly and severally, as follows:

1.    Judgment in favor of the Laborers' National (Industrial) Pension Fund in the following amounts with regard to the underpaid contributions for November 2014 through November 2015:

   (a)    Delinquent Contributions for November 2014 through October 2015:  $20,215.35

   (b)    Delinquent Contributions for November 2015 and December 2015, estimated to be: $37,254.51

   (c)    Interest Charges: $18,453.79

    (d)    Additional Interest (in accordance with ERISA Section 502(g)(2)): $18,453.79

2.    Judgment in favor of the Laborers' National (Industrial) Pension Fund in the following amounts with regard to the audit amounts due for the Child Development Center at Fort Sam Houston:

    (a)    Delinquent Contributions: $1,224.70

    (b)    Surcharge: $5.31

    (c)    Interest Charges: $979.19

    (d)    Additional Interest (in accordance with ERISA Section 502(g)(2)): $979.19

3.    Judgment in favor of the Laborers' National (Industrial) Pension Fund in the following amounts with regard to the audit amounts due for Building 2376 at Fort Sam Houston:

    (a)    Delinquent Contributions: $234.45

    (b)    Interest Charges: $179.63

    (c)    Additional Interest (in accordance with ERISA Section 502(g)(2)): $179.63

4.    Judgment in favor of the Laborers' National (Industrial) Pension Fund in the following amounts with regard to the audit amounts due Base Wide Custodial at Fort Sam Houston:

    (a)    Delinquent Contributions: $6,442.33

    (b)    Surcharge: $31.32

    (c)    Interest Charges: $5,109.12

       (d)     Additional Interest (in accordance with ERISA Section 502(g)(2)):

             $5,109.12

5.     Judgment in favor of the Laborers' National (Industrial) Pension Fund for interest at double the Pension Fund's interest rate on unpaid contributions accruing after January 2016 until the date the contributions are paid to the Pension Fund;

6.     Judgment in favor of the Laborers' National (Industrial) Pension Fund for the attorney's fees that it incurs in bringing this action;

7.     An Order compelling Relief, Clarence Williams and Calvin Williams to submit to the Laborers' National (Industrial) Pension Fund all contributions, interest charges, and contribution reports when due for such periods as Relief is contractually or legally obligated to contribute to the Pension Fund;

8.     An Order compelling Relief, Clarence Williams and Calvin Williams to submit to the Laborers' National (Industrial) Pension Fund monthly contributions at the correct contribution rate in accordance with the FRP Preferred Schedule;

9.     An Order compelling Relief, Clarence Williams and Calvin Williams to increase their monthly contribution rates for all sites annually effective July 1st;

10.    Judgment in favor of the Laborers' National (Industrial) Pension Fund for post-judgment interest and the costs of this action;

11.    Such other and further relief as the Court deems just and proper.

Dated: February 12, 2016

Respectfully submitted,

/s/ James S. Ray
James S. Ray (DC Bar No. 26508)

/s/ Colleen M. Ray
Colleen M. Ray (DC Bar No. 10228253)

Law Offices of James S. Ray
706 Duke Street
Alexandria, Virginia 22314
Tel.: 703-836-8111
Fax: 703-836-1888
E-Mail: jrayraylaw@aol.com
        cray@rayraylaw.com

Counsel for Plaintiffs